Battle, J.
 

 Whether the first instruction, which the conn" sel for the defendant was a proper one, it is unnecessary for us to decide, because we are clearly of opinion that the second ought to have been
 
 *437
 
 .given, and that is fatal to the right ©f the plaintiff to recover ■in the present form of action.
 

 In
 
 Spencer
 
 v.
 
 Weston,
 
 1 Dev. and Bat. Rep. 213, a question is made, but not decided, whether, in this State, dower is not necessarily assignable at daw, by petition only. There is no doubt that the remedy by petition, as prescribed by the act of 1784, (Rev. Code, ch. 118, sec. 2,) is a substitute for the action of dower.at the common law, but we cannot well immagine any good reason why the heirs may not assign dower to the widow, and if that may be done, it is well worth the enquiry, whether the presumption of such an assignment might not be raised from twenty years -continuous possession by the widow, of a-certain tract or parcel of land, claimed as dower.
 

 There is a strong intimation of the Court, in
 
 Spencer
 
 v. Weston, that a release, if properly pleaded, might be presumed against a widow who had failed to claim her dower for twenty j'-ears or more.
 

 We have said that the second instruction asked for, by the defendant’s counsel, ought to have been given, and we think the case of
 
 Smith
 
 v. Bryan, Bush. Rep. 180, is an authority for that position. It is there held, that if a person, without .any color of title, enters vspon a tract of 'land, with certain known boundaries, and continues to occupy it, and exercise ■ownership over it by clearing and cultivating different parts for more than twenty years, he will acquire, by the presumption of a conveyance, a right which will enable him to maintain ejectment against a stranger who enters into any part of the land, though it may not be that part upon which the "lessor of the plaintiff had actual
 
 posiUo pedis.
 
 It is true that this doctrine would not apply to the case of an owner of an adjacent traet -which lapped upon the one claimed by the lessor, because, unless the lessor had made an actual entry upon the lappage, be would not have exposed himself to the action of the -©Winer of the ©tber traet, and therefore, eould not,
 
 by
 
 a mere verbal'daim,-extend his possession, so as to acquire a title to the lappage, by tine presumptic* -of a grant. In any •other case, where the title is sh-owa to fee -out of the State,
 
 *438
 
 an entry into- a tract, though without any color, of title, claiming the whole of it, will extend the possession of the whole, provided the true owner is not in actual occupancy of it, so as to raise the presumption of a conveyance for the whole tract. "Why is this?: Certainly, because the person making the entry is exposed to the action of the true owner for a trespass to any part, and there is no necessity for restricting the possession to one part more than another of the entire tract. If, then,, such a person enter and remain in possession for more than three years, so that the trespass in making the original entry is barred by the statute of limitations, the owner cannot maintain the action of trespass
 
 quare clavr
 
 simfregit, until he regains the possession by means of the action of ejectment, which must be brought within twenty years to prevent the enteren from protecting himself by a claim of title, arising'from the presumption of a conveyance.. This principle applies directly to our case. The widow of James Toachy was in, possession of a certain tract of land which had belonged to her husband, and she first, and' after-wards, she and her second husband, claimed and occupied portions of it for-many years, and then leased a part of it to the present defendant, who entered, and' was in possession under his lease. Under these ciren instances, the plaintiffs, as-the heirs-at-law, of James. Teachy, had lost their possession,, and consequently, could not maintain trespass without first regaining it by an action of ejectment. The judgment must be-reversed, and a
 
 venire de n,ovo
 
 awarded.
 

 Pur Crax&Mj,
 

 Judgment reversed..